IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERIC DRAKE,                             § | |
|         PLAINTIFF,             § | |
|                                               § | |
| V.                                                § | CIVIL CASE NO. 3:20-CV-581-M-BK |
|                                               § | |
| WALMART, INC., WAL-MART STORES § | |
| TEXAS LLC D/B/A WAL-MART STORES § | |
| TEXAS 2007 LLC, AZEB KABEBE, AND § | |
| TANIM ASHRAF,                        § | |
|         DEFENDANTS.        § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned magistrate judge for pretrial management. The Court now considers Plaintiff's *Memorandum of Facts and Law in Support of Motion to Remand to State Court*. Doc. 6. For the reasons that follow, the motion should be **DENIED**.

**I.   PROCEDURAL HISTORY**

In February 2020, Plaintiff filed a tort action in state court against Defendant Walmart, Inc. and Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Stores Texas 2007, LLC (collectively, "Wal-Mart"), as well as Wal-Mart store manager employees Azeb Kabebe and Tanim Ashraf (collectively, "the Employees"). Doc. 1-3 at 1. In the *First Amended Original Petition*, Plaintiff alleges that a pallet of boxed, frozen foods, weighing between 12 and 25 pounds each, fell on him as he walked through a Dallas Wal-Mart store. Doc. 1-3 at 62. Plaintiff claims that he sustained "excruciating injuries to his cervical spine and right shoulder," as well as pain in his left shoulder and head. Doc. 1-3 at 64-65. He seeks damages for past and future medical care,

mental anguish, past and future pain and suffering and impairment, loss of consortium and household services, and exemplary damages, among other things. Doc. 1-3 at 75-76.

    Wal-Mart removed the case to this Court based on diversity jurisdiction, alleging that (1) Plaintiff is a citizen of Texas; (2) Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas; (3) Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Stores Texas 2007, LLC is a Delaware company with its principal place of business in Arkansas, as are its sole member and all of its relevant related entities; (4) the amount in controversy exceeded $75,000.00 because the *First Amended Original Petition* alleged damages in excess of $250,000.00, and Plaintiff claimed extensive physical, mental, and financial injuries; and (5) the Employees, who are both Texas residents, had been improperly joined to defeat diversity jurisdiction. Doc. 1 at 2-7. Plaintiff now seeks a remand to state court.[1] Doc. 6.

## II.   APPLICABLE LAW

    Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. §§ 1441(a), (b). A federal district court has original jurisdiction of an action between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Thus, a state case involving opposing parties from different states is removable. 28 U.S.C. § 1441. The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

---

[1] On this date, the undersigned also has terminated as moot Plaintiff's request to amend his complaint, Doc. 4, and denied Plaintiff's *Memorandum of Facts and Law in Support of Motion for Sanctions Against Defendants and Its Counsel*, Doc. 5.

2

A plaintiff may move to remand an action on the basis of any defect in the removal procedure, other than subject matter jurisdiction, within 30 days of removal.  28 U.S.C. § 1447(c).  Removal statutes are strictly construed in favor of remand and against removal.  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

In evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation.  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).  There are two general grounds upon which a court can find that a plaintiff improperly joined a defendant in an effort to defeat diversity jurisdiction: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (quotation omitted).  Only the latter ground is at issue in this case.

When determining whether the plaintiff is able to state a claim against the non-diverse party, the district court asks whether there is any reasonable basis for the court to predict that the plaintiff might be able to recover against the non-diverse defendant.  *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  To make that determination, "[t]he court may conduct a FED. R. CIV. P. 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."  *Id.* (footnote omitted).  The federal pleading standard, not the state pleading standard, applies when the court conducts the Rule 12(b)(6) analysis necessary to determine whether a plaintiff has failed to state a claim against a non-diverse

3

defendant under state law. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 201-02 (5th Cir. 2016).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

### III.   ANALYSIS

Plaintiff argues that this case should be remanded because he has brought only state law claims and the amount in controversy requirement is not satisfied because he attached a declaration to his first and second amended petitions stating that he was not seeking more than $70,000.00 in damages. Doc. 6 at 2-4, 8-10. Plaintiff asserts that his mention of $250,000.00 in damages was an oversight that occurred when he amended his petition. Doc. 6 at 3. Additionally, Plaintiff contends that the Employees are "critical to this litigation," have been served with process, and are named in almost all counts of his petition. Doc. 6 at 11. Attached to Plaintiff's motion is a "sworn declaration/stipulation," dated February 17, 2020 but not file-stamped, stating that he was not seeking and would not accept any damages in excess of $75,000.00. Doc. 6 at 19.

Wal-Mart responds that the $250,000.00 amount in controversy is obvious on the face of the operative complaint — Plaintiff's *First Amended Original Petition* — which is consistent with Plaintiff's claim that he suffered extensive physical, mental, and financial injuries. Doc. 9

4

at 8-9. Wal-Mart also points out that Plaintiff's "sworn declaration" does not contain a certificate of service nor does it appear anywhere in the state court record. Doc. 9 at 10. Finally, Wal-Mart contends that the Employees did not have a separate legal duty to Plaintiff apart from their employment with Wal-Mart and are thus improperly named as defendants. Doc. 9 at 11-13.

The Court agrees with Wal-Mart for essentially the reasons it argues. The governing complaint is the *First Amended Original Petition*, which claims damages of $250,000.00. It makes no reference to a sworn declaration stating otherwise, and there is no evidence of any such document in the state court record. If this is an attempt by Plaintiff to manipulate jurisdiction, it fails. Moreover, Plaintiff is clearly suing the Employees in connection with their duties as store managers, not for separate tortious acts. *See, e.g.*, Doc. 1-3 at 66 (alleging that the Employees "were acting within the course and scope of their employment and in the furtherance of the business interests and pursuits of [Wal-Mart]"); Doc. 1-3 at 67 (alleging that Wal-Mart and the Employees were grossly negligent in failing to reasonably protect Plaintiff from potentially dangerous circumstances through proper training, monitoring, and signage); Doc. 1-3 at 73 (alleging that the Employees "failed to take any reasonable measures that companies undertake as standard safety measures to protect the general public who are shopping in their stores.").

For these reasons, Plaintiff's claims against the Employees have no reasonable basis in law, and they are nominal parties whose presence should be disregarded for purposes of assessing jurisdiction. *Navarro Sav. Ass'n*, 446 U.S. at 460-61; *Smallwood*, 385 F.3d at 573.

Because Plaintiff is a citizen of Texas, and Wal-Mart and all of its relevant related entities are citizens of Delaware with principal places of business in Arkansas, complete diversity of citizenship exists. In addition, the amount in controversy exceeds $75,000.00. Accordingly, this Court has subject matter jurisdiction and remand is not warranted.

## V. CONCLUSION

For the reasons stated, Plaintiff's *Memorandum of Facts and Law in Support of Motion to Remand to State Court*, Doc. 6, should be **DENIED**.

**SO RECOMMENDED** on May 27, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).