IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERIC DRAKE, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:20-CV-581-M-BK |
| § | |
| WALMART INC., ET AL., § | |
| DEFENDANTS. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 3. Pending before the Court is Defendants' *Motion to Dismiss*. Doc. 28. For the reasons that follow, Defendants' motion should be **GRANTED**.

**I.   BACKGROUND**

In July 2018, Plaintiff was shopping at a Wal-Mart store when boxes of frozen food allegedly fell off a pallet and injured him. Doc. 1-3 at 2-3. Plaintiff, proceeding *in forma pauperis*, filed a *pro se* tort action in state court against Defendants. Doc. 1-2 at 3, 6; Doc. 1-3 at 1; *see also* TEX. R. CIV. P. 145 (providing that a party who files a statement of inability to pay court costs can only be required to pay the filing fee by court order).

Defendants removed the case to this Court based on diversity jurisdiction, Doc. 1 at 2, and filed the instant motion to dismiss shortly thereafter. Defendants argue that Plaintiff violated a pre-filing injunction levied against him by the United States District Court for the Eastern District of Texas in 2012, which, due to his vexatious litigant status, requires Plaintiff to obtain leave of court before proceeding *in forma pauperis* in any lawsuit. Doc. 28 at 1-2.

## II.     PRIOR SANCTIONS

Plaintiff has filed numerous cases in this district and elsewhere and has been sanctioned for his vexatious litigation practices.  *See, e.g.*, *In re Eric Drake*, No. 4:17-MC-69-ALM-CAN, Dkt. No. 11 at 1 n.2 (E.D. Tex. Nov. 20, 2017) (citing cases filed in the District of Hawaii, Northern District of California, District of New Hampshire, Northern District of Texas, et al.,). The Eastern District of Texas has also noted Plaintiff's long history of vexatious litigation and imposed the following sanctions against him in 2012:

> Eric Drake is prohibited from proceeding *in forma pauperis* with any civil action in this court – whether he filed it in this court, he filed it in another court and it was removed to this court, or he filed in another federal court and it was transferred to this court – unless he first obtains from a district judge of this court leave to proceed *in forma pauperis* in this court.  If a civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Drake seeks, in writing, leave from a district judge of this court to proceed in this court.

*Eric Drake v. Travelers Indem. Co. Consumer Cty. Mut. Ins. Co.*, No. 2:11-CV-00318-MHS-CMC, Dkt. 11 at 6 (E.D. Tex. Mar. 16, 2012).

Federal courts in Texas routinely honor sanctions imposed by other federal district courts in Texas against vexatious litigants.  *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (affirming dismissal of case based on another district's sanction order).  The primary basis for doing so is the doctrine of judicial notice under which one court may take notice of another court's judicial actions, including records of litigation and sanction orders.  *See Gray ex rel. Rudd v. Beverly Enters. Miss., Inc*., 390 F.3d 400, 408 n. 7 (5th Cir. 2004).  Indeed, based on the sanctions imposed in the Eastern District of Texas, district judges in this Court have dismissed several of Plaintiff's cases without prejudice to him refiling only after he obtains leave from a district judge.  *See, e.g.*, *Drake v. John Doe Trucking Co.*, No. 3:20-CV-3189-B-BK at Doc. 17 (N.D. Tex. Oct. 22, 2020); *Drake v. Safeway, Inc.*, No. 3:19-CV-2002-N-BK at Doc. 32 (N.D.

Tex. Sept. 13, 2019); *Drake v. Nordstrom Dep't Store*, No. 3:18-CV-00471-D-BN at Doc. 10 (N.D. Tex. March 19, 2018). In keeping with this line of cases, this Court should again honor the sanctions imposed against Plaintiff in the Eastern District of Texas and this District and dismiss this case without prejudice.

### III.  CONCLUSION

For the reasons stated above, Defendants' *Motion to Dismiss*, Doc. 28, should be **GRANTED**, and this case should be dismissed without prejudice to refiling only after Plaintiff has obtained leave to file it from a district judge of this Court.

**SO RECOMMENDED** on February 9, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).